# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELKAY INTERIOR SYSTEMS INTERNATIONAL, INC. and DIGNEY YORK ASSOCIATES, LLC,<br><br>           Plaintiffs,<br>v.<br><br>JAY S. WEISS,<br><br>           Defendant. | Case No.: 22-cv-00438-RGA<br><br>JURY TRIAL DEMANDED |

## OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL NON-PARTY BROAD AVENUE CONSTRUCTION, LLC'S <u>COMPLIANCE WITH RULE 45 SUBPOENA</u>

OF COUNSEL:

Kara R. Fussner, Esq.
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Mary F. Dugan (No. 4704)
Jennifer M. Kinkus (No. 4289)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-5028; 571-6722
Email: mdugan@ycst.com; jkinkus@ycst.com

*Attorneys for Elkay Interior Systems International, Inc. and Digney York Associates, LLC*

Dated: June 2, 2022

29421960.1

# **TABLE OF CONTENTS**

STATEMENT OF THE NATURE AND STAGE OF PROCEEDING..........................................2

STATEMENT OF FACTS ...............................................................................................................2

ARGUMENT......................................................................................................................................5

    A. This Motion to Compel is Properly before this Court .......................................................6

    B. Broad Avenue Construction's Objections Lack Legal Basis
       and Are Evasive and  Improper ...........................................................................................6

CONCLUSION..................................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Pacitti v. Macy's*,
    193 F.3d 766 (3d Cir. 1999)..................................................................................................5

*Software Rights Archive, LLC v. Google Inc.*,
    2009 WL 1438249 (D. Del. May 21, 2009)...........................................................................5

**Other Authorities**

Fed. R. Civ. P. 1 ..............................................................................................................................1

Fed. R. Civ. P. 26 .......................................................................................................... 1, 3, 5, 6, 7

Fed. R. Civ. P. 45 ................................................................................................................1, 5, 6, 7

Rule 34 ............................................................................................................................................5

In response to a targeted, straightforward Rule 45 document subpoena that Plaintiffs served nearly one month ago (the "Subpoena"), third party Broad Avenue Construction, LLC ("Broad Avenue Construction") refuses to produce a single document.

Broad Avenue Construction is the entity for which Defendant Jay S. Weiss ("Weiss") now works as Principal – in direct competition with Plaintiffs, in violation of his multiple restrictive covenants.  And because Broad Avenue Construction is openly and unfairly competing with Plaintiffs – going so far as to publicly misrepresent Digney York, LLC's past projects as Broad Avenue Construction's own past projects – Broad Avenue Construction is in possession of highly relevant documents and communications.

The only reasonable inference to be drawn from Broad Avenue Construction's continuing refusal to produce the requested documents is that it knows that producing the documents would demonstrate Weiss's liability to Plaintiffs, and would be used against Weiss in relation to Weiss's pending Motion to Dismiss.

The Subpoena seeks documents that are clearly relevant to Plaintiffs' liability theories, and Broad Avenue Construction does not – because it cannot – claim otherwise.  Instead, Broad Avenue Construction is basing its refusal to produce any relevant documents primarily on a procedural round-about created by its counsel acting on behalf of Defendant Weiss, and secondarily on formulaic objections, easily dispatched.  Both categories of Broad Avenue Construction's objections are only increasing the cost of the litigation and causing unnecessary delay, in violation of Federal Rule of Civil Procedure 26(g)(1)(B)(ii) and also Federal Rule of Civil Procedure 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.  **They should be construed, administered, and**

29421960.1

1

**employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.**") (emphasis added).

Because Broad Avenue Construction continues to ignore Plaintiffs' repeated requests to have Broad Avenue Construction voluntarily produce the requested documents, Plaintiffs are unfortunately left with no choice but to move to compel Broad Avenue Construction's compliance.[1]

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

After learning that Weiss was violating multiple restrictive covenants in his contract with Plaintiffs, Elkay Interior Systems International, Inc. ("Elkay") and Digney York Associates, LLC ("Digney York") (collectively, "Plaintiffs"), requested via letter that Weiss stop breaching his contract. Weiss ignored that request, which forced Plaintiffs to file this lawsuit against Weiss. Throughout, Weiss has been working for Broad Avenue Construction, in direct competition with Plaintiffs, in violation of multiple restrictive covenants. Plaintiffs are also suing Weiss for state law trade secret misappropriation. (D.I. 11, Amended Complaint)

As set forth in the Amended Complaint, Broad Avenue Construction's business activities in the niche hotel interior renovation industry – the same industry in which Plaintiffs operate – along with Weiss's involvement in Broad Avenue Construction as Principal, are relevant to Plaintiffs' claims. So, too, is information concerning Plaintiffs' Past Projects, which Weiss and Broad Avenue Construction are misrepresenting as belonging to them in order to solicit Plaintiffs'

---

[1] Plaintiffs acknowledge the Court's procedures outlined in its Scheduling Order for Civil Matters (Non-Patent) regarding the submission of discovery disputes between parties. Because this Motion addresses a dispute with a non-party subject to a Rule 45 subpoena, Plaintiffs have filed it as a traditional Motion. Should the Court prefer it to be filed according to the party-discovery procedures, Plaintiffs will refile promptly.

29421960.1

2

customers.  Likewise, communications regarding Broad Avenue Construction and Plaintiffs' customers, employees, and past projects are all relevant to Plaintiffs' claims.

Weiss has moved the Court to dismiss the Amended Complaint. (D.I. 16)  At present, the parties are briefing Weiss's Motion to Dismiss.

## STATEMENT OF FACTS

Plaintiffs are industry leaders in the business of renovating hotel interiors and similarly situated properties, including pre-planning services, process management, and product procurement. (D.I. 11, ¶ 7.) Broad Avenue Construction, in which Weiss is a principal, is also a business dedicated to renovating hotel interiors and similarly situated properties. (D.I. 11, ¶¶ 21, 23-25.)

Before taking his current position at Broad Avenue Construction, Weiss founded Digney York in 1985 and served as Digney York's Chairman and CEO until 2019. (D.I. 11, ¶¶ 9-10.) On or about December 27, 2019, Elkay entered into a Stock Purchase Agreement (the "Agreement") with the Stockholders of Digney Holding, Inc., including Weiss, by which Elkay purchased Digney Holding, Inc., and its subsidiaries, including Digney York. (D.I. 11, ¶ 9.) Because of his extraordinarily important role at Digney York, as part of the Agreement, Weiss agreed to multiple restrictive covenants intended to protect Plaintiffs from unfair competition, including non-competition. (D.I. 11, ¶¶ 11-14, Section 6.4(a), non-solicitation (Section 6.4(b)), and confidentiality provisions (Section 6.4(e)).)

Based on publicly available information on Broad Avenue Construction's website and elsewhere, as of March 2022, Weiss works as a Principal for Broad Avenue Construction, in direct violation of his obligations under Section 6.4(a) of the Agreement. (D.I. 11, ¶ 21.) Broad Avenue Construction's website also shows that it is soliciting customers by holding out Digney York's Past Projects as representative of the work Weiss and Broad Avenue Construction perform, in violation of Section 6.4(b) of the Agreement. (D.I. 11, ¶¶ 30-31.)

Weiss's Delaware counsel at the law firm of Potter Anderson & Corroon LLP also represents non-party Broad Avenue Construction ("Defense Counsel".) (Declaration of Mary F.

29421960.1

4

Dugan ("Dugan Decl."), ¶ 2.) Plaintiffs' counsel has repeatedly attempted to meet and confer with Defense Counsel as required by Rule 26 ("Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when the Court orders otherwise, **the parties must confer as soon as practicable** – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)") (emphasis added). Acting on behalf of Defendant Weiss, Defense Counsel has refused to meet and confer. (Dugan Decl., ¶ 2, Ex. A.)

Defendant Weiss, therefore, has blocked party discovery from commencing, even though parties are required under Rule 26 to confer "as soon as practicable," and even though Defendant Weiss has neither sought nor been granted a stay of discovery. Plaintiffs anticipate that if Defendant Weiss were to be served with discovery, even after the required meet and confer, he would, like most former employees do in these situations, claim that any communications he had on behalf of Broad Avenue Construction are on Broad Avenue Construction's server, meaning the communications are technically in the possession, custody, or control of Broad Avenue Construction, not Weiss.

Plaintiffs issued and served the Subpoena on **non-party** Broad Avenue Construction on May 10, 2022, and promptly docketed a Notice of Service and the Return of Service. (Dugan Decl., ¶ 3, Ex. B.) The Subpoena seeks documents relevant to Plaintiffs' liability theories and to Weiss's activities with Broad Avenue Construction. Plaintiffs seek Broad Avenue Construction's documents directly, rather than continuing to waste time and resources on Defendant Weiss's intransigence. Broad Avenue Construction's deadline to respond to the Subpoena was May 24, 2022. (Dugan Decl., ¶ 4.) But, rather than comply with the duly-served Subpoena, on May 20, 2022 Broad Avenue Construction objected, relying on the lack of a Rule 26 meet and confer as its primary defense, even though the same counsel making that objection is the very counsel who has

refused to meet and confer. (Dugan Decl., ¶ 5, Ex. C) Apart from the (incredible) objection based on the lack of a Rule 26 meet and confer, Broad Avenue Construction also responded with formulaic objections. (Dugan Decl., ¶ 5, Ex. C.)

On May 26, 2022, Plaintiffs replied by letter to Broad Avenue Construction's objections, stating in detail why each of Broad Avenue Construction's objections lacked a legal basis, or was otherwise improper and evasive. (Dugan Decl., ¶ 6, Ex. D.) Once again, Plaintiffs offered multiple dates for a meet and confer. (Dugan Decl., ¶ 6, Ex. D.) Counsel finally met and conferred on May 31, 2022. (Dugan Decl., ¶ 7.) During that meet and confer, Defense Counsel refused to withdraw any of Broad Avenue Construction's objections, and refused to meet and confer pursuant to Rule 26 on behalf of Defendant Weiss. (Dugan Decl., ¶ 8.) At the time of the filing of this Motion, Broad Avenue Construction is still unwilling to comply with any portion of the Subpoena. (Dugan Decl., ¶ 9.)

## **ARGUMENT**

The Third Circuit has recognized "that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding nonprivileged matter that is relevant to *any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* (emphasis added).

Subpoenas served on non-parties are afforded the same broad scope as requests served on parties to litigation. *See Software Rights Archive, LLC v. Google Inc.*, 2009 WL 1438249, at *2

29421960.1

6

(D. Del. May 21, 2009) ("[T]he Advisory Committee Note to Rule 45 explains that the non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." (internal quotations omitted)). A party's status as a non-party does not "rigidly tilt[] in favor of shielding them from discovery." *Id.*

Despite the discovery allowed under the Federal Rules, Broad Avenue Construction refuses to comply with the Subpoena. Rather, Broad Avenue Construction appears to be resisting compliance with the Subpoena as a means of causing unnecessary delay. Broad Avenue Construction's counsel, who also represents Defendant Weiss, is conflating the federal and local rules that apply to parties and non-parties, picking and choosing which rule counsel would prefer to suit Broad Avenue Construction and Defendant Weiss's purposes. Further, most of Broad Avenue Construction's objections take issue with the explicit definitions of words used in common English language among lay people, and in the industry in which both Weiss and Broad Avenue Construction operate. In short, Broad Avenue Construction's objections are improper and easily overcome.

### A. This Motion to Compel Is Properly Before this Court.

Federal Rule of Civil Procedure 45 provides: "[a] subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). The Subpoena is directed at Broad Avenue Construction, LLC, which is a domestic limited liability company registered under the laws of Delaware. Broad Avenue Construction has a registered agent for service of process in Delaware, on which the Subpoena was duly served. Delaware is an appropriate venue to command the production of documents and to seek compliance with the Subpoena. Fed. R. Civ. P. 45(c)(2)(A), 45(d)(2)(B)(ii).

**B.      Broad Avenue Construction's Objections Lack Legal Basis and Are Evasive and Improper.**

No law or Federal or District of Delaware Local Rule permits Broad Avenue Construction, a non-party to this litigation, to refuse to comply with the duly-served Subpoena pending the outcome of Weiss's motion to dismiss. Despite requests for Broad Avenue Construction to provide any authority to support its position on this point, Broad Avenue Construction has not done so. Fed. R. Civ. P. 45 applies.

Similarly, Broad Avenue Construction has failed to cite any law that would support its position that it can use Defendant Weiss' unilateral refusal – despite multiple requests – to participate in the mandatory Fed. R. Civ. P. 26 conference as a means for avoiding Broad Avenue Construction's obligations under Fed. R. Civ. P. 45. Broad Avenue Construction must produce the requested documents.

Furthermore, Broad Avenue Construction's thin objections to the substance of the Subpoena itself – which Plaintiffs countered point-by-point in their May 26, 2022, letter – appear to be designed to cause unnecessary delay and expense, and appear intended to avoid producing documents that will show wrongdoing by both Defendant Weiss and non-party Broad Avenue Construction.

Now, even after meeting and conferring with Plaintiffs' Counsel, Broad Avenue Construction refuses to produce a single document responsive to the Subpoena. The information Plaintiffs seek is necessary and relevant to the issues in this litigation and, due to Defendant Weiss's refusal to comply with his Rule 26 obligations, there is no other source from which Plaintiffs can obtain these documents. Accordingly, Plaintiffs respectfully request that this Court order Broad Avenue Construction to comply with the Subpoena and produce the requested documents.

29421960.1

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court: (a) grant this Motion to Compel; (b) order Broad Avenue Construction to comply with the Subpoena to produce all responsive documents responsive within seven days; and (c) award Plaintiffs their costs and attorneys' fees in connection with this Motion.

|  |  |
|---|---|
|  | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| OF COUNSEL: | /s/ Mary F. Dugan |
|  | Mary F. Dugan (No. 4704) |
| HUSCH BLACKWELL LLP | Jennifer M. Kinkus (No. 4289) |
| Kara R. Fussner, Esq. | 1000 North King Street |
| 190 Carondelet Plaza, Suite 600 | Wilmington, DE 19801 |
| St. Louis, MO 63105 | Telephone: (302) 571-5028; 571-6722 |
| Telephone: (314) 480-1500 | Email: mdugan@ycst.com; jkinkus@ycst.com |
|  | *Attorneys for Elkay Interior Systems International, Inc. and Digney York Associates, LLC* |
| Dated: June 2, 2022 |  |

29421960.1

9