IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELKAY INTERIOR SYSTEMS INTERNATIONAL, INC. and DIGNEY YORK ASSOCIATES, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 22-438-RGA-JLH |
| v. | ) ) ) | |
| JAY S. WEISS, | ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss (D.I. 15) Plaintiffs' Amended Complaint (D.I. 11). I heard oral argument on November 22, 2022. As announced from the bench, I recommend that Defendant's motion be GRANTED-IN-PART and DENIED-IN-PART.

### I.   LEGAL STANDARD

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

1

the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, I must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (quotation omitted).

## II.   DISCUSSION

My report and recommendation on Defendant's Motion to Dismiss was announced from the bench at the conclusion of the hearing as follows:

> Plaintiff Digney York Associates, LLC ("Digney York") filed this action on April 1, 2022 against Defendant Jay S. Weiss ("Defendant" or "Weiss"). After Weiss filed a motion to dismiss, Digney York and Plaintiff Elkay Interior Systems International, Inc. ("Elkay") (collectively, with Digney York, "Plaintiffs"), filed an amended complaint, which I'll refer to as the FAC.[1] The FAC asserts claims for breach of contract, tortious interference with contract, tortious interference with prospective business relations, unfair competition, and trade secret misappropriation under the Delaware Uniform Trade Secrets Act.
>
> According to the FAC, "Plaintiffs are industry leaders in the business of renovating hotel interiors and similarly situated properties."[2] In December 2019, Elkay entered into a stock purchase agreement ("SPA") with the stockholders of Digney Holdings, Inc., including Weiss and the seller representative.[3] Through the SPA, Elkay purchased Digney Holdings, Inc. as well

---

[1] (D.I. 11 ("FAC").)

[2] (*Id.* ¶ 7.)

[3] (*Id.* ¶ 9.)

as its subsidiaries, including Digney York.[4] Before entering into the SPA, Weiss was CEO and Chairman of Digney York.[5]

The SPA contains non-compete, non-solicitation, and confidentiality provisions.[6] The non-compete provision is in section 6.4(a), which states in pertinent part as follows: "Each Seller," which no one here disputes includes Weiss, "shall not, for a period from the Closing Date until the five (5) year anniversary of the Closing Date, directly or indirectly, own, manage, operate, control, invest in, or participate in the ownership, management, operation, or control of, any Person engaged in the Business in the United States."[7] The SPA defines the word "Person" to include individuals and businesses.[8] The SPA defines "Business" as "the business of acting as a general contractor for the renovation of hotel interiors and similarly structured properties, including with respect to pre-planning services, process management and product procurement, in each case acting in the capacity as a general contractor or subcontractor."[9]

Section 6.4(b) prohibits Weiss from directly or indirectly soliciting Digney York's customers or employees for a period of three years, and section 6.4(e) prohibits him from disclosing or using Digney York's confidential information for the purpose of engaging in the hotel renovation business.[10] In section 6.4(d), the parties agreed that irreparable injury would result to Elkay as buyer and Digney York as a company entity in the event of a breach of section

---

[4] (*Id.*)

[5] (*Id.* ¶ 10.)

[6] (D.I. 8, Ex. A (SPA) § 6.4; FAC ¶¶ 9–50.) As the SPA is explicitly relied upon in the FAC, the Court may consider it when ruling on the motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[7] (D.I. 8, Ex. A § 6.4(a).)

[8] (*Id.* § 1)

[9] (*Id.*)

[10] (*Id.* § 6.4(b), (e).)

3

6.4.[11]   The parties also agreed that Elkay would be entitled to injunctive relief for any breach of any provision of section 6.4.[12]

The FAC alleges that in March 2022, Plaintiffs accessed a website for a company called Broad Avenue Construction located in Florida.[13]  Screenshots of [the] website are attached as Exhibit A to the FAC.  The website advertised Broad Avenue as specializing in the business of hotel renovations.[14]   It stated that its services included, among other things, preconstruction services, construction management, including subcontractor management, and renovations.[15]  It listed Weiss as a "Principal" of Broad Avenue.[16]  The website also contained a biography of Weiss, which described Broad Avenue as "made possible through Jay Weiss."[17]

The FAC further alleges that the Broad Avenue website contained sixteen photographs of Digney York's past projects and represented that those projects were completed by Broad Avenue.[18]  It further alleges that Broad Avenue's website featured an exact plagiarized copy of Digney York's "Services" page.[19]  According to the FAC, after Weiss was served with the original complaint, certain portions of the website were changed to say "under construction."[20]

In the FAC's first claim for breach of contract, Plaintiffs allege that Weiss breached the non-compete, non-solicitation, and

---

[11] (*Id.* § 6.4(d).)

[12] (*Id.*)

[13] (FAC ¶ 21, Ex. A.)

[14] (*Id.* ¶ 23.)

[15] (*Id.* ¶ 23, Ex. A.)

[16] (*Id.* ¶ 21, Ex. A.)

[17] (*Id.* ¶ 25, Ex. A.)

[18] (*Id.* ¶¶ 29, 30, 32.)

[19] (*Id.* ¶ 31.)

[20] (*Id.* ¶ 23.)

confidentiality provisions set forth in section 6.4 of the SPA. Weiss maintains that the breach of contract claim should be dismissed.

He first argues that any claim by Plaintiff Digney York for breach of contract should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, because Digney York was neither a party to the SPA nor a third-party beneficiary.

I disagree that the Court lacks subject matter jurisdiction over Digney York's breach of contract claim. Whether Digney York is a third-party beneficiary under the contract is a merits question, while subject matter jurisdiction refers to the Court's power to hear the case. Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction to hear breach of contract claims of parties sitting in diversity where the amount in controversy exceeds $75,000. Plaintiffs sufficiently pleaded diversity jurisdiction, which Weiss does not challenge.

Weiss's brief cites a number of cases in support of his argument that the Court lacks subject matter jurisdiction over Digney York's contract claim, but none of those cases had anything to do with subject matter jurisdiction. Weiss's request to dismiss Digney York's breach of contract claim for lack of subject matter jurisdiction should therefore be denied. Of course, Weiss remains free to re-raise his merits argument that Digney York is not a third-party beneficiary at a later stage of the case.

Weiss next argues that the breach of contract claim should be dismissed under Rule 12(b)(6) because it fails to state a claim. To state a claim for breach of contract under Delaware law,[21] the plaintiff must plead facts plausibly suggesting (1) the existence of a contract, (2) the breach of an obligation imposed by that contract, and (3) resulting damage.[22]

Weiss says that the FAC hasn't plausibly alleged elements (2) and (3). I agree with Plaintiffs that the FAC plausibly alleges elements (2) and (3), that is, that Weiss breached the SPA and that Plaintiffs are damaged by the breach. As just one example, the FAC refers to section 6.4(a) of the SPA which contains a non-compete clause that, generally speaking, prohibits Weiss from engaging in

---

[21] The SPA has a Delaware choice of law clause. (D.I. 8, Ex. A § 11.10.) Neither side disputes that Delaware law applies to Plaintiffs' breach of contract claim.

[22] *Greenstar, LLC v. Heller*, 814 F. Supp. 2d 444, 450 (D. Del. 2011).

5

the business of acting as a contractor for the renovation of hotel interiors for a period of years. The FAC alleges that during that period, the website for Broad Avenue advertised itself as being in the hotel renovation business and stated that Weiss was its principal. The FAC goes on to allege that Plaintiffs have and will be damaged by Weiss's competition, and that they will suffer irreparable harm, including the "ero[sion of] goodwill and relationships that Digney York enjoys with its customers" and "missed business opportunities" if Weiss is not enjoined from operating a business in competition with Plaintiffs.[23] That is enough to plausibly allege a breach of the SPA and resulting damages.

Weiss contends that the breach of contract claim should be dismissed because it fails to "identify a specific product in which Broad Avenue is engaged as a general contractor performing hotel interior renovations."[24] That argument is a non-starter. The FAC plausibly alleges that Weiss is running a company in the business of preconstruction and construction management of hotel renovations, which permits a reasonable inference that he has engaged and is engaging in an activity in direct competition with Plaintiffs and in violation of the SPA. That is all that is required at this stage.

At oral argument, counsel for Weiss argued that the contents of the Broad Avenue website [are] insufficient to permit a reasonable inference that Weiss or Broad Avenue is acting as a general contractor or a subcontractor. To the extent his point is that the non-compete only prohibits Weiss himself from acting as a contractor, that appears to be contrary to the plain language of the contract, which, by its terms, prohibits Weiss from managing and operating or participating in the management or operation of a company engaged in the Business (as defined by the SPA).[25] The website's screenshots attached to the [FAC] lists Weiss as a principal of Broad Avenue and they say that Broad Avenue was "made possible through Jay Weiss."[26]

To the extent Defendant's argument is that the services advertised on the website do not plausibly suggest that Broad Avenue engages in the business of general contracting or

---

[23] (FAC ¶ 50.)

[24] (D.I. 16 at 6.)

[25] (D.I. 8, Ex. A §§ 1, 6.4(a).)

[26] (FAC, Ex. A.)

subcontracting, I disagree. The listed services include, among other things, preconstruction, including design review and budgeting, construction management, including subcontractor management, and renovations.[27] That is enough to permit a reasonable inference that Broad Avenue engages in general contracting or subcontracting. Because the FAC alleges at least one plausible basis for the breach of contract claim, Weiss's request to dismiss that claim should be denied.

The FAC's second claim is tortious interference with a contract. The parties dispute whether this claim must be pleaded with particularity, but I agree with Weiss that the FAC fails to state a claim even under Rule 8's liberal pleading standards. The elements of a claim for tortious interference with a contract are "(1) a contract, (2) about which defendant knew, and (3) an intentional act that is a significant factor in causing the breach of the contract, (4) without justification, (5) which causes injury."[28]

In support of their tortious interference claim, Plaintiffs contend that Broad Avenue's website advertises Digney York's past projects as its own. Even taking that fact as true, however, that has nothing to do with whether Weiss caused a third party to breach a contract with Plaintiffs. I recommend that the second claim be dismissed without prejudice.

The FAC's third and fourth claims are tortious interference with a prospective business relationship and unfair competition. I agree with Weiss that the FAC fails to state a claim of either of those causes of action. The elements of a claim for tortious interference with a prospective business relationship are (1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the interferer, (3) intentional interference which induces or causes a breach or termination of the relationship or expectancy, and (4) resulting damages to the party whose relationship or expectancy has been disrupted.[29] Similarly, an unfair competition claim requires "a reasonable expectancy of entering a valid business relationship, with which the defendant wrongfully interferes, and thereby defeats the

---

[27] (*Id.*)

[28] *Bhole, Inc. v. Shore Invs., Inc.*, 67 A.3d 444, 453 (Del. 2013).

[29] *Enzo Life Sci., Inc. v. Digene Corp.*, 295 F. Supp. 2d 424, 429 (D. Del. 2003).

7

plaintiff's legitimate expectancy and causes him harm."[30] To state a claim for either cause of action, a plaintiff must plausibly allege, among other things, the existence of a third party who was prepared to enter into a business relationship but was dissuaded from doing so by the defendant.[31]

Plaintiffs contend that they have a valid expectancy of future business relationships with their existing customers. Even assuming that to be true, the FAC fails to allege any facts plausibly suggesting that Weiss's actions caused a breach or termination of any such expected business relationships. I recommend that the third and fourth claims be dismissed without prejudice. If Plaintiffs uncover facts in discovery to support their tortious interference and unfair competition claims, they may seek leave to amend their complaint.

The FAC's fifth claim is styled as trade secret misappropriation under the Delaware Uniform Trade Secrets Act, 6 Del. C. § 201, *et seq.*[32] Weiss makes several arguments in support of dismissing the DUTSA claim. First, he contends that the FAC does not allege that any misappropriation occurred in Delaware, and DUTSA does not apply extraterritorially.[33] Plaintiffs' brief does not seriously dispute that DUTSA does not have extraterritorial effect and therefore does not apply to its trade secret misappropriation claim as alleged. Rather, Plaintiffs contend that the FAC still states a claim of trade secret misappropriation under whichever state's law applies, so it should still move forward even if the Court ultimately determines that another state's law applies.

Plaintiffs are certainly correct that a claimant usually need not plead choice of law in its complaint. And the choice of law question can entail a fact-intensive inquiry that is often inappropriate on a motion to dismiss. The situation we are in, however, is that Plaintiffs' fifth cause of action here expressly pleads "Trade Secret Misappropriation under Delaware Uniform

---

[30] *Agilent Techs., Inc. v. Kirkland*, No. 3512, 2009 WL 119865, at *5 (Del. Ch. Jan. 20, 2009) (citation omitted).

[31] *See Truinject Corp. v. Galderma*, *S.A.*, No. 19-592-LPS-JLH, 2020 WL 5095448, at *6–7 (D. Del. Aug. 28, 2020), *report and recommendation adopted*, 2020 WL 6817088 (D. Del. Nov. 20, 2020); *Agilent Techs.*, 2009 WL 119865, at *5–8.

[32] (FAC at 14.)

[33] *See Focus Fin. Partners, LLC v. Holsopple*, 250 A.3d 939, 970 (Del. Ch. 2020) ("DUTSA . . . lacks extraterritorial effect.").

8

Trade Secrets Act,"[34] and there is no real dispute that the Delaware statute does not provide a cause of action for the conduct alleged. Defendant indicated during oral argument today [his view] that the statutory trade secret claim as alleged does not leave any room for the Court to apply another state's trade secret statute down the line. So, under the circumstances, I think the best and most efficient course of action to avoid downstream disputes is to dismiss the fifth claim without prejudice and grant Plaintiffs leave to amend their alleged trade secret misappropriation claim, and we will figure out later which state's statute applies to that claim.[35]

Defendant also argues that the FAC fails to state a claim of trade secret misappropriation under DUTSA. Both Plaintiffs and Defendant cite Delaware law in support of their arguments; however, as I just mentioned, Delaware law does not apply to the conduct alleged. Here is how I recommend proceeding. After Plaintiffs amend their pleading to fix the problem with the reference to DUTSA, Weiss can, if he so chooses, file another motion to dismiss and attempt to persuade the Court that Plaintiffs failed to state a plausible misappropriation claim under any state's law that might apply.[36]

---

[34] (FAC at 14.)

[35] *Cf. Cotiviti, Inc. v. Deagle*, 501 F. Supp. 3d 243, 261–62 (S.D.N.Y. 2020) (dismissing claim asserted "under the Connecticut Uniform Trade Secrets Act" because it was "alleged under the wrong state's trade secret's statute"); *vPersonalize Inc. v. Magnetize Consultants Ltd.*, 437 F. Supp. 3d 860, 879 (W.D. Wash. 2020) (dismissing claim alleged under "Washington Uniform Trade Secrets Act" where the complaint failed to allege any facts suggesting that the Washington statute applied); *Vestis, LLC v. Caramel Sales, Ltd.*, No. 18-2257, 2019 WL 11542355, at *6 (C.D. Cal. Nov. 5, 2019) (dismissing without prejudice a claim for violation of the California Uniform Trade Secrets Act where "the Complaint in no way alleges that any of Defendants' conduct allegedly violating the CUTSA occurred in California, and as such, Plaintiffs cannot succeed on a CUTSA claim").

[36] All of that said, Weiss should carefully consider whether refiling his motion to dismiss the trade secret misappropriation claim is the best use of time and resources. This case is moving forward on the breach of contract claim regardless of whether the trade secret claim moves forward, and the scope of discovery is likely going to be the same with or without the trade secret claim. Weiss contends that neither Elkay nor Digney York can assert a claim for trade secret misappropriation based on Weiss's alleged misappropriation of Digney York's project photographs, and website. But that's not all the FAC alleges. The FAC alleges that the misappropriated trade secrets include confidential information like pricing models and client proprietary details, which were used to create new and innovative sales initiatives, assessments, and cost reduction projects. The FAC alleges that both Plaintiffs took steps to safeguard the

Weiss's final argument is that "Plaintiffs . . . lack Constitutional standing for their injunction claim" because, according to Weiss, there's no likelihood of substantial and immediate irreparable injury.[37] There are a host of problems with that argument. For starters, an injunction is not a claim; it is a remedy. Moreover, as explained earlier, the FAC adequately alleges a breach of contract claim and the Court has subject matter jurisdiction over that claim. Whether Weiss, in fact, breached the contract, and whether one or both of the plaintiffs are entitled to an injunction as a remedy for that breach do not implicate this Court's subject matter jurisdiction, and those matters are not appropriately resolved on a motion to dismiss.

### III. CONCLUSION

For the reasons set forth above, I recommend that Defendant's motion (D.I. 15) be GRANTED-IN-PART and DENIED-IN-PART:

1. Defendant's request to dismiss Plaintiffs' breach of contract claim (First Cause of Action) should be DENIED.

2. Defendant's requests to dismiss Plaintiffs' claims of tortious interference with contract (Second Cause of Action), tortious interference with prospective business relations (Third Cause of Action), unfair competition (Fourth Cause of Action), and trade secret misappropriation under the Delaware Uniform Trade Secrets Act (Fifth Cause of Action) should be GRANTED. Those claims should be dismissed without prejudice, and Plaintiffs should be granted leave to amend within fourteen days to fix the deficiencies.

---

confidentiality of that information, including through section 6.4 of the SPA. It further alleges that Weiss had access to the confidential information in his role as Digney York's CEO, and it alleges that Broad Avenue's website advertised Weiss as its principal and offered the same services as Digney York, and, indeed, claimed that Digney York's past projects were performed by Broad Avenue. Those allegations would appear to be enough at this stage to put Weiss on notice of the trade secrets at issue and to survive a motion to dismiss.

[37] (D.I. 16 at 19.)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: December 27, 2022

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE