IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELKAY INTERIOR SYSTEMS INTERNATONAL, INC. and DIGNEY YORK ASSOCIATES, LLC, | ) ) ) ) |
| Plaintiffs, | ) C.A. No. 22-cv-00438-RGA-JLH ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| JAY S. WEISS, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Defendant Jay S. Weiss ("Weiss"), pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and the Standing Order for Objections Filed Under Fed. R. Civ. P. 72 (Mar. 7, 2022), respectfully objects to the Report and Recommendation ("R&R") issued by The Honorable Jennifer L. Hall on December 27, 2022 (ECF No. 51).

**INTRODUCTION**

Judge Hall issued a well-reasoned R&R, in which she recommended dismissing four of the five claims brought by Plaintiffs Elkay Interior Systems International, Inc. ("Elkay") and Digney York Associates, LLC ("Digney York") (collectively, "Plaintiffs"). The only claim that would survive the R&R is Count I for breach of contract. As to that claim, Weiss respectfully objects to Judge Hall's finding that Plaintiffs adequately pled the damages element. Significantly, Judge Hall recommended dismissing Plaintiffs' tort claims because they failed to allege the loss of any business relationship or expectancy. To then conclude that Plaintiffs adequately allege contract damages is inconsistent and incorrect. As to any future harm, Plaintiffs' sole allegation of "irreparable harm" is conclusory. They allege no facts to support that claim because—as Judge Hall found—they fail to identify a single business relationship or expectancy that they are at risk

of losing. Because Plaintiffs have not adequately alleged the damages element of their contract claim, the Court should dismiss Count I.

Additionally, Weiss objects to Judge Hall's recommendation to dismiss Plaintiffs' Delaware Uniform Trade Secrets Act ("DUTSA") claim in Count V *without* prejudice. Because Delaware law does not apply—as Judge Hall correctly found—the DUTSA claim must be dismissed *with* prejudice. Moreover, Plaintiffs should not be permitted to re-plead a generic "trade secret misappropriation claim," as Judge Hall recommended. With the adoption of the Uniform Trade Secrets Act, states no longer recognize any common law claim for the misappropriation of trade secrets. Therefore, Plaintiffs are required to assert any such claim under a specific state statute. If they cannot do so, then they have no claim on which to proceed.

## STANDARD OF REVIEW

The standard of review for Weiss's objections is de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *EEOC v. City of Long Beach*, 866 F.3d 93, 99-100 (3d Cir. 2017).

## OBJECTIONS

**I.   Plaintiffs Fail to Allege the Damages Element of Their Contract Claim.**

Judge Hall found that Paragraph 50 of Plaintiffs' complaint adequately alleged damages for their contract claim. D.I. 51 at 6 n.23. But neither Paragraph 50 nor any other allegation identifies a single business relationship or expectancy that Plaintiffs have lost. D.I. 11 ¶ 50. Indeed, this was precisely the reason why Judge Hall dismissed Plaintiffs' tort claims. D.I. 51 at 7-8 ("[T]he FAC fails to allege any facts plausibly suggesting that Weiss's actions caused a breach or termination of any such expected business relationships."). If Plaintiffs' allegations of harm were insufficient to state a tort claim, then the same allegations are insufficient to state a contract claim. *Compare* D.I. 11 ¶ 50 (alleging "irreparable harm," a loss of "competitive advantage," a

loss of "goodwill," and a loss of business "relationships"), *with* D.I. 11 ¶ 63 (alleging "irreparabl[e] harm," a loss of "competitive advantage," a loss of "goodwill," and a loss of "business relationships").

Plaintiffs' allegation in Paragraph 50 is also conclusory. It is black-letter law that "the pleading must include more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (internal quotation marks omitted). This pleading standard would be meaningless if Plaintiffs are allowed to allege the damages element of their claim through a checklist of buzzwords, such as "irreparable harm," "competitive advantage," and "goodwill." *See Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 333 (D. Del. 2017) (dismissing breach of contract claim where "the complaint alleges in conclusory fashion that 'HMR has been damaged'"). Each of these supposed harms is predicated on a loss of business. Critically, however, Plaintiffs failed to identify one such business relationship that they lost. Without any factual allegation, Paragraph 50 of the pleading is conclusory, no matter how many buzzwords it includes.

Moreover, Plaintiffs cannot recover damages if their harm was "irreparable." By definition, an "irreparable" injury is one that "cannot be adequately measured or compensated by money." Black's Law Dictionary 939 (11th ed. 2019); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000) ("The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that *cannot adequately be compensated after the fact by monetary damages*.") (emphasis added). This is consistent with the parties' agreement, in which Elkay expressly stipulated that it has "no adequate remedy at Law." D.I. 8-1 § 6.4(d) (emphasis added). It is also consistent with Plaintiffs' own allegations, which states that there "is no adequate remedy at law" for their irreparable harm. D.I. 11 ¶ 50. Therefore, Plaintiffs' claim

3

for damages is contrary to the parties' agreement and inconsistent with the meaning of "irreparable" harm.

The Court should hold that Plaintiffs failed to state a claim for breach of contract in Count I, because they do not allege any facts to support the damages element of their claim.

## II.     Plaintiffs Fail to Allege Facts Supporting an Injunction.

Plaintiffs also fail to identify a single business contract or expectancy that they are at risk of losing in the future. Given that, the only other possible basis for finding that Plaintiffs adequately pled injunctive relief is Section 6.4(d) of the Stock Purchase Agreement, as expressly relied on by Judge Hall. D.I. 51 at 3-4. However, this same Court previously analyzed whether "a contractual stipulation alone may show irreparable harm." *Cabela's LLC v. Highby*, 362 F. Supp. 3d 208, 223 (D. Del. 2019) (Andrews, J.). It concluded that a stipulation of irreparable harm is not "dispositive" to the analysis. *Id.* at 224; *see also AM Gen. Holdings LLC v. The Renco Grp., Inc.*, 2016 WL 787929, at *2 (Del. Ch. Feb. 19, 2016) (stipulation regarding irreparable harm "does not deprive the Court of its discretion" with respect to injunctive relief). Other than the stipulation, Judge Hall did not identify a single fact to support Plaintiffs' claim for injunctive relief. D.I. 51 at 3-4. Nor could she, because no such fact was pled. D.I. 11. Therefore, Plaintiffs cannot move forward on a claim for injunctive relief based solely on the contractual stipulation.

Putting aside Judge Hall's analysis, Plaintiffs' own allegations demonstrate that injunctive relief is improper. "[A] party seeking equitable relief for a prospective injury, like [Plaintiffs] here, must show a 'likelihood of substantial and immediate irreparable injury' to establish standing." *Sherwin-Williams Co. v. Cty. of Del., Pa.*, 968 F.3d 264, 269 (3d Cir. 2020) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)); *see also Zimmer v. New Jersey Div. of Child Protection & Permanency*, 741 F. App'x 875, 876 (3d Cir. 2018) ("Prospective relief like the

4

injunction [Plaintiffs] seek requires plaintiffs to establish a concrete and particularized injury that is also actual and imminent.") (internal quotation marks omitted).

Plaintiffs' alleged injury is not irreparable. To the contrary, Plaintiffs allege that Weiss's purported breaches of the agreement will cause them to lose "business opportunities," "customers," and "revenue." D.I. 11 ¶ 50. These purported injuries are compensable with money damages. Plaintiffs also allege a future loss of "competitive advantage" and "goodwill." *Id.* But these conclusory allegations, which have no factual support in the amended complaint, must be disregarded. *See Fischbein v. Olson Research Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020) ("[W]e disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.").

Plaintiffs also fail to allege an ongoing or imminent threat. The only ongoing conduct alleged when this action was originally filed was Broad Avenue's website. *See* D.I. 1 ¶¶ 16-25. In their amended complaint, however, Plaintiffs concede that the website has been taken down, *see* D.I. 11 ¶ 23, which eliminates any ongoing threat. Nor do Plaintiffs allege any actual and imminent threat to occur in the future. Their conclusory allegation that "a grave threat exists," *id.* ¶ 77, is not entitled to a presumption of truth. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (requiring district courts to "identify those allegations that, being merely conclusory, are not entitled to the presumption of truth").

Without a factual basis for any future harm, the Court must dismiss Plaintiffs' injunction claim in Count I.

### III. Judge Hall's Commentary About a Hypothetical "Trade Secret Misappropriation Claim" Was Erroneous.

Weiss obviously agrees with Judge Hall's recommendation to dismiss Plaintiffs' Delaware Uniform Trade Secrets Act ("DUTSA") claim in Count V. However, Weiss objects to the

5

dismissal being "without prejudice." Judge Hall correctly held that "Delaware law does not apply to the conduct alleged." D.I. 51 at 9. If that is true (which it is), then amending the DUTSA claim would be futile. *See Saunders v. E.I. DuPont De Nemours & Co.*, No. 14-329-RGA, 2014 WL 7051078, at *5-6 (D. Del. Dec. 12, 2014) (Andrews, J.) (holding that dismissal with prejudice is proper if "it would be futile to allow repleading of it"). Therefore, the Court should dismiss Count V *with prejudice*.

Weiss also takes this opportunity to object to Judge Hall's recommendation that Plaintiffs be allowed to generally plead what Her Honor referred to as a "trade secret misappropriation claim." D.I. 51 at 9. No such claim exists. Except for New York and North Carolina, all states have adopted the Uniform Trade Secrets Act, which "abolish[ed] all common law theories for misappropriation of confidential information" in Delaware and elsewhere. *Alarm.com Holdings, Inc. v. ABS Capital Partners Inc.*, 2018 WL 3006118, at *11 (Del. Ch. June 15, 2018). There are 48 statutes relating to the misappropriation of trade secrets. If Plaintiffs have facts to show that Weiss violated one of these statutes, they must plead them and assert a claim under the statute he violated. Otherwise, there is no basis for allowing Plaintiffs to proceed on a non-existent "trade secret misappropriation claim."

Judge Hall's suggestion that "we will figure out later which state's statute applies to that claim" is a non-starter. D.I. 51 at 9. Where, as here, plaintiffs cannot plead the geographic element of a UTSA claim, the proper result is dismissal. *See, e.g.*, *Cotiviti, Inc. v. Deagle*, 501 F. Supp. 3d 243, 261-62 (S.D.N.Y. 2020); *vPersonalize Inc. v. Magnetize Consultants Ltd.*, 437 F. Supp. 3d 860, 879 (W.D. Wash. 2020); *Vestis, LLC v. Caramel Sales, Ltd.*, 2019 WL 11542355, at *6 (C.D. Cal. Nov. 5, 2019); *Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, No. 15-cv-2177, 2017 WL 1436044, at *6 (N.D. Cal. Apr. 24, 2017). Weiss is not required to guess as to which of

50 states' laws might apply to a generically captioned "trade secret misappropriation claim" that does not even exist.

## CONCLUSION

For the reasons discussed, the Court should sustain Weiss's objections to the R&R and dismiss Plaintiffs' amended complaint in its entirety.

## CERTIFICATION

Pursuant to Paragraph 5 of the Standing Order for Objections Filed Under Fed. R. Civ. P. 72 (Mar. 7, 2022), the undersigned certifies that the foregoing objections do not raise new legal or factual arguments.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael S. Dingman, Esquire (*Pro Hac Vice*)
Brooks H. Spears, Esquire (*Pro Hac Vice*)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102-4215
(703) 712-5000 – Telephone
mdingman@mcguirewoods.com
bspears@mcguirewoods.com

Dated: January 10, 2023
10540758 / 22129.00001

By: */s/ John A. Sensing*
John A. Sensing (#5232)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
jsensing@potteranderson.com

*Attorneys for Defendant Jay S. Weiss*

7