# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELKAY INTERIOR SYSTEMS INTERNATIONAL, INC. and DIGNEY YORK ASSOCIATES, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) CASE NO.: 1:22-CV-00438-RGA-JLH ) |
| v. | ) **JURY TRIAL DEMANDED** ) ) |
| JAY S. WEISS, | ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**OBJECTIONS TO REPORT AND RECOMMENDATION**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Mary F. Dugan (No. 4704)
Jennifer M. Kinkus (No. 4289)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-5028; 571-6722
Email: mdugan@ycst.com; jkinkus@ycst.com

HUSCH BLACKWELL LLP
Patrick M. Harvey (Pro Hac Vice)
511 North Broadway Street, Suite 1100
Milwaukee, WI 53202
Telephone: (414) 978-5321
Email: patrick.harvey@huschblackwell.com

*Attorneys for Elkay Interior Systems International, Inc. and Digney York Associates, LLC*

After thoughtfully considering the Amended Complaint's well-pleaded facts, conducting a lengthy hearing with argument from all counsel, and faithfully interpreting controlling case law, Judge Hall correctly rejected Jay S. Weiss's ("Weiss") arguments, which he recycles in his Objections to Judge Hall's Report and Recommendation ("Objections") (D.I. 56). Weiss's Objections are a last-ditch attempt to avoid having Plaintiffs, Elkay Interior Systems International, Inc. ("Elkay") and Digney York Associates, LLC ("Digney York") (collectively, "Plaintiffs"), learn more about Weiss's brazen violations of his restrictive covenants than Plaintiffs have already learned in the very brief amount of time that discovery has been open.[1] Because Weiss's Objections are meritless, the Court should similarly deny Weiss's Objections.

## ARGUMENT

**I.  JUDGE HALL CORRECTLY FOUND THAT PLAINTIFFS' AMENDED COMPLAINT ALLEGES A VIABLE BREACH OF CONTRACT CLAIM.**

Judge Hall correctly denied Weiss's motion to dismiss because the Amended Complaint states a viable breach of contract claim against Weiss. To state a claim for breach of contract under Delaware law, the plaintiff must plead facts plausibly suggesting: (1) the existence of a contract; (2) the breach of an obligation imposed by that contract; and (3) resulting damage. *Greenstar, LLC v. Heller*, 814 F. Supp. 2d 444, 450 (D. Del. 2011). In his Objections, Weiss only objects to Judge Hall's finding that the Amended Complaint plausibly alleges damages. (D.I. 56 at 2.)

### A.  **Judge Hall correctly found that the Amended Complaint alleges damages.**

Weiss argues that Plaintiff's breach of contract claim fails because Judge Hall dismissed

---

[1] Merely by way of example, despite claiming – for months – that Weiss was faithfully honoring the terms of his restrictive covenant by not acting as a general contractor that specialized in hotel renovations, in late December 2022, his new company, Broad Avenue Construction, produced numerous emails in which Weiss was explicitly soliciting business and holding Broad Avenue Construction out as a general contractor that specialized in hotel renovations. Equally troublingly, a number of these violations took place into late 2022 – *i.e.*, during this lawsuit – demonstrating Weiss's flagrant disregard of his contractual obligations, and his obligation of candor to the Court.

30065926.1

1

Plaintiffs' tort claims. (D.I. 56 at 2.) However, the viability of Plaintiffs' contract claim is independent of the viability of Plaintiffs' tort claims.[2] At this early pleading stage, to state a contract claim, Plaintiffs are only required to allege facts to suggest that Weiss breached the contract, and that Plaintiffs were or could be damaged as a result. Plaintiffs do not, as Weiss contends, need to identify "a single business relationship or expectancy that Plaintiffs have lost" to state a plausible breach of contract claim. (D.I. 56 at 2.) And Weiss cites no case law to support his inappropriate attempt to graft tort elements onto a Delaware breach of contract claim.

Judge Hall found that the Amended Complaint identifies an existing contract (the SPA) and facts leading to the plausible conclusion that Weiss breached it. (D.I. 51 at 5-7.) As for the damages element, Judge Hall correctly found that the Amended Complaint alleges that Plaintiffs and Weiss agreed that irreparable injury would result if Weiss breached his restrictive covenants in Section 6.4 of the SPA. (*Id.* at 3-4.) Judge Hall also correctly reasoned that the Amended Complaint alleges that "Plaintiffs have and will be damaged by Weiss's competition, and that they will suffer irreparable harm." (*Id.* at 6.) Therefore, the alleged damages are written into the parties' contract, which, as Judge Hall rightly ruled, "is enough to plausibly allege . . . resulting damages" in a viable breach of contract action. (*Id.* at 6.)

    **B.**    <u>**Plaintiffs' allegation of irreparable harm is not conclusory.**</u>

Weiss also argues that Judge Hall's ruling renders the pleading standard "meaningless," claiming that Plaintiffs' allegations are "conclusory" and a "checklist of buzzwords." (D.I. 56 at

---

[2] The elements for tortious interference are different than for breach of contract. The tort claims contemplate a contract (or prospective business relationship) with a third party with which a defendant interferes. *See Bhole, Inc. v. Shore Invs., Inc.*, 67 A.3d 444, 453 (Del. 2013) (listing the elements of a claim for tortious interference with a contract: (1) a contract; (2) about which the defendant knew; and (3) an intentional act that is a significant factor in causing the breach of the contract; (4) without justification; and (5) which causes injury); *Enzo Life Sci., Inc. v. Digene Corp.*, 395 F. Supp. 2d 424, 429 (D. Del. 2003) (listing the elements of a claim for tortious interference with a prospective business relationship). By contrast, a breach of contract claim relates to an existing contract with the defendant, here, Plaintiffs and Weiss. *See Greenstar*, 814 F. Supp. 3d at 450 (listing breach of contract elements).

3.) Weiss wrongly claims that Plaintiff must allege specific damages – before discovery has even opened – to state a viable breach of contract claim.

Under the notice pleading standard, a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (citation omitted); *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) ("In alleging a breach of contract, a plaintiff need not plead specific facts to state an actionable claim."). At the motion to dismiss stage, "[s]o long as the complaint alleges that an 'agreement[] ha[s] been breached,' and even if it is not clear that the non-breaching party has 'suffer[ed] immediate quantifiable harm, the equitable powers [of the court] afford broad discretion in fashioning appropriate relief.'" *Id.* (referring to a court's broad discretion to "vindicate a breach of contract . . . through an award of nominal damages"); *Garfield v. Allen*, 277 A.3d 296, 328 (Del. Ch. 2002); *Norman v. Elkin*, 860 F.3d 111, 128-29 (3d Cir. 2017) (holding, under Delaware law, that the district court erred in rejecting a breach of contract claim on the grounds that the plaintiff could not prove anything but nominal damages). "An unexcused failure to perform a contract is a legal wrong. An action will therefore lie for the breach although it causes no injury." *Norman*, 860 F.3d at 129 (citation omitted).

Plaintiffs' breach of contract claim satisfies the federal pleading standard. Consistent with this prevailing case law, Judge Hall correctly explained:

> The FAC alleges that during the [restricted period], the website for Broad Avenue advertised itself as being in the hotel renovation business and stated that Weiss was its principal. The FAC goes on to allege that Plaintiffs have and will be damaged by Weiss's competition, and that they will suffer irreparable harm, including the "ero[sion of] goodwill and relationships that Digney York enjoys with its customers" and "missed business opportunities" if Weiss is not enjoined from operating a business in competition with Plaintiffs. That is enough to plausibly allege a breach of the SPA and resulting damages.

(D.I. 51 at 6.)  Judge Hall also aptly described Weiss's contention – that Plaintiffs' breach of contract claim fails because it allegedly lacks specificity – as a "non-starter."  (D.I. 51 at 6.)  In doing so, Judge Hall correctly concluded that the Amended Complaint plausibly alleges that Weiss is running a competitor company, which "permits the reasonable inference that [Weiss] has engaged and is engaging in an activity in direct competition with Plaintiffs and in violation of the SPA.  That is all that is required at this stage."  (D.I. 51 at 6.)  Weiss does not object to Judge Hall's finding that Plaintiffs have plausibly pleaded Weiss's breach of the SPA.  As such, Weiss concedes that Plaintiffs have pleaded "[a]n unexcused failure to perform a contract," which "is a legal wrong."  *See Norman*, 860 F.3d at 129 (citation omitted).

Therefore, the Amended Complaint's damages allegations are not a "conclusory" list of "buzzwords" that fail to plead a viable cause of action.  Indeed, the Amended Complaint is explicit in alleging *specific* irreparable harm arising from an express provision in the SPA.  *See Cabela's LLC v. Highby*, 362 F. Supp. 3d 208, 223 (D. Del. 2019) ("A contractual stipulation of irreparable harm may suffice to demonstrate irreparable harm," which is a specific injury); *Gildor v. Optical Solutions, Inc.*, 2006 WL 4782348, at *11 (Del. Ch. June 5, 2006) ("[T]his court has held that a contractual stipulation of irreparable harm is sufficient to demonstrate irreparable harm."); *Vitalink Pharmacy Servs., Inc. v. Grancare, Inc.*, 1997 WL 458494, at *9 (Del. Ch. Aug. 7, 1997); *see also Am. Impex Corp. v. Int'l Ace Tex, Inc.*, 2009 WL 3963791, at *3 (C.D. Cal. Nov. 16, 2009) (following Delaware law and finding that plaintiff demonstrated irreparable harm by contractual stipulation).  The parties contractually agreed that "irreparable injury will result" to Plaintiffs if Weiss breaches his restrictive covenant obligations, and that Plaintiffs could pursue injunctive relief and money damages in the event of breach.  That contractual agreement is, on its own, sufficient to meet the damages element of a viable breach of contract action at the pleading stage.

Moreover, Delaware law "has consistently found a threat of irreparable injury in circumstances where a covenant not to compete is breached." *Hough Assocs., Inc. v. Hill*, 2007 WL 148751, at *18 (Del. Ch. Jan. 17, 2007). Injunctive relief is the "principal tool of enforcing covenants not to compete" because, in part, "[u]nless parties . . . realize that injunctive relief should be expected in the event of a clear breach, non-competition agreements will not produce their intended effect, breaches will proliferate, and complicated damages inquiries into the 'what might have been' world will ensue." *Concord Steel, Inc. v. Wilmington Steel Processing Co.*, 2008 WL 902406, at *10-11 (Del. Ch. Apr. 3, 2008) (quotation omitted).

As for Plaintiffs' other damages allegations, the well-pleaded facts raise a reasonable inference that Weiss's breaches have harmed, and will cause harm, to Plaintiffs, including specific financial harm. (*See* D.I. 56 at 5 (conceding that Plaintiffs' allegations of lost "business opportunities, customers, and revenue . . . are compensable with money damages."); *see Thompson*, 748 F.3d at 147 (a plaintiff "'need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quotation omitted). And even at this early stage of discovery, Broad Avenue Construction has produced numerous written solicitations that demonstrate that Weiss has been engaging in specific prohibited conduct.[3]

For support, Weiss cites *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 320 (D. Del. 2017), in which the court dismissed a contract claim where "the complaint allege[d] in conclusory fashion that '[the plaintiff] ha[d] been damaged.'" *Id.* at 333. However, the present case is distinguishable from *Hydrogen*. In this case, as Judge Hall rightly concluded, the SPA

---

[3] It is worth noting that this scenario is exactly why motions to dismiss are not granted lightly, and why cases are typically allowed to proceed to discovery. In this case, before discovery opened, Weiss consistently and vehemently denied that he was ever competing with Plaintiffs. And yet, after but one document production, Plaintiffs now have indisputable proof – from Weiss's own email communications – that he has been openly and flagrantly violating his non-compete obligations, both before and after Plaintiffs filed this lawsuit, including through September 15, 2022.

30065926.1

includes a specific agreement between the parties that, if Weiss breached his restrictive covenant obligations, Plaintiffs would suffer specific irreparable injury. (D.I. 51 at 6.) By contrast, the contract in *Hydrogen* did *not* include a contractual stipulation of any injury in the event of a breach. As such, Weiss's argument is meritless, and the Court should reject it.

### C. Irreparable harm allegations do not preclude recovery of monetary damages.

Weiss waived his final argument related to Judge Hall's breach of contract ruling – that "Plaintiffs cannot recover [monetary] damages if their harm was 'irreparable'" (D.I. 56 at 3) – because Weiss failed to raise it during earlier briefing, or even during the hearing. *See, e.g.*, *Int'l Business Machines Corp. v. Expedia, Inc.*, 2019 WL 4635137, at *3 (D. Del. Sept. 24, 2019) ("'[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'") (quoting *Bukovinsky v. Pennsylvania*, 455 F. App'x. 163, 165-66 (3d Cir. 2011)); *see* D. Del. Standing Order for Objections Filed Under Fed. R. Civ. P. 72 ("Standing Order"), ¶ 5 (requiring objecting party to provide "a written statement either certifying that the objections do not raise new legal/factual arguments or identifying the new arguments and escribing the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge."). As such, the Court should reject this argument for that reason alone.

Moreover, Weiss fails to cite to *any* case law supporting this proposition, except for case law defining "irreparable harm." In fact, Delaware case law weighs against Weiss's position. Under Delaware law, "[i]t is not necessary that the injury be beyond the possibility of repair by money compensation but it must be of such a nature that no fair and reasonable redress may be had in a court of law and that to refuse the injunction would be a denial of justice." *AM General Holdings LLC v. Renco Group, Inc.*, 2012 WL 6681994, at *4 (Del. Ch. Dec. 21, 2012) (quoting *State v. Delaware State Educ. Ass'n*, 326 A.2d 868, 875 (Del. Ch. 1974)). "Thus, a harm that

could be compensated by the payment of money does not necessarily preclude a finding of irreparable harm." *Id.* It logically follows that the converse is true: a harm that could be remedied by injunction does not necessarily preclude an award of monetary damages. Indeed, in *Sustainable Energy Generation Grp., LLC v. Photon Energy Projects B.V.*, the Court of Chancery made that exact finding in denying the defendants' motion to dismiss a breach of contract claim. 2014 WL 2433096, at *14 (Del. Ch. May 30, 2014) (holding that the complaint's allegations raised a reasonable inference that plaintiff could prove entitlement to monetary relief *and* injunctive relief to enjoin "irreparable injury."). Accordingly, Weiss's argument fails.

## II.   PLAINTIFFS' ALLEGATIONS SUPPORT INJUNCTIVE RELIEF.

Weiss argues that the Court should dismiss Plaintiffs' claim for injunctive relief associated with their breach of contract claim. Weiss's argument is not a proper objection to Judge Hall's ruling. Weiss never argued in his briefing or at the hearing that, even if Plaintiffs may proceed with their breach of contract claim, Judge Hall should still dismiss *only* Plaintiffs' specific claim for injunctive relief related to their breach of contract claim. This is an entirely new argument, akin to a backdoor motion to dismiss that Weiss never filed, and the parties never briefed. Further, there is no good cause for the Court to consider this entirely new argument now. Accordingly, the Court should disregard Weiss's request to dismiss Plaintiffs' claim for injunctive relief. *See Int'l Business Machines Corp.*, 2019 WL 4635137, at *3 ("'[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'") (quoting *Bukovinsky*, 455 F. App'x. at 165-66); *see also* Standing Order, ¶ 5.

Weiss's new argument is also meritless. Weiss contends that "Plaintiffs cannot move forward on a claim for injunctive relief based solely on the contractual stipulation." That is false. For example, in *Cabela's LLC*, this Court recognized that, "[u]nder Delaware law, a contractual

30065926.1

7

stipulation of irreparable harm may suffice to demonstrate irreparable harm." 362 F. Supp. 3d at 223 (quoting *AM Gen. Holdings LLC*, 2012 WL 6681994, at *4).[4] Therefore, contrary to Weiss's assertion, Judge Hall did not err in permitting Plaintiffs to seek injunctive relief based on the parties' contractual stipulation for irreparable harm.  Weiss also declines to mention that Section 6.4(d), in addition to stipulating to irreparable harm in the event of breach, expressly provides for "injunctive relief" in the event of breach.  (*See* D.I. 11, ¶ 11.)

Weiss also contends that "Plaintiffs' own allegations demonstrate that injunctive relief is improper" because the Amended Complaint does not demonstrate a "'likelihood of substantial and immediate irreparable injury.'" (D.I. 56 at 4 (quotation omitted).)  However, Weiss's argument is fatally flawed for multiple reasons.  First, Weiss mischaracterizes Plaintiffs' claim for injunctive relief as seeking to enjoin "prospective" injury, leading Weiss to rely on the wrong standard.  The Amended Complaint alleges that Weiss has been, and continues to be, violating his restrictive covenant obligations under the SPA.  Therefore, to meet their burden, Plaintiffs only need to plausibly allege: (1) that they have suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between Plaintiffs and Weiss, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *B. Braun Melsungen AG v. Terumo Medical Corp.*, 778 F. Supp. 2d 506, 513 (D. Del. 2011).  Demonstrating a "likelihood of substantial and immediate irreparable injury" is not an element of Plaintiffs' claim for injunctive relief with respect to their breach of contract claim.

Whatever the standard, Weiss's arguments – that Plaintiffs' injury is "not irreparable," and that Plaintiffs fail to allege an ongoing or imminent threat – are wrong.  The fact that lost business

---

[4] Weiss misstates *Cabela's LLC* by selectively quoting only a part of that case to suggest that this is not settled law in Delaware.  (*See* D.I. 56 at 4.)

30065926.1

8

opportunities, customers, and revenue are compensable with money damages does not preclude injunctive relief. *See AM General*, 2012 WL 6681994, at *4 ("[A] harm that could be compensated by the payment of money does not necessarily preclude a finding of irreparable harm."). The Amended Complaint also properly pleads allegations giving rise to a reasonable inference that Weiss's ongoing, wrongful activities running Broad Avenue Construction are harming and will continue to harm Plaintiffs, as further confirmed by the recent production of Weiss's emails, which show, among other violations, that Weiss is disclosing to customers Digney York's highly confidential pricing structure in an effort to steal Digney York's customers.

### III. JUDGE HALL DID NOT ERR IN DISMISSING PLAINTIFFS' DUTSA CLAIM WITHOUT PREJUDICE.

Weiss's objections to Judge Hall's ruling on Plaintiffs' DUTSA claim are inconsistent with prevailing case law, and the Court should accordingly reject Weiss's arguments. Although Plaintiffs respectfully disagree with Judge Hall's decision to dismiss their DUTSA claim, in dismissing that claim, Judge Hall did not err in dismissing it *without* prejudice. Weiss's argument for dismissal *with* prejudice is essentially a choice-of-law analysis in disguise. (D.I. 51 at 8-9.) This Court generally defers choice-of-law determinations at the pleading stage. *See, e.g., AgroFresh, Inc. v. Essentiv, LLC*, 2018 WL 6974947, at *7 (D. Del. Dec. 27, 2018); *Zazzali v. Hirschler Fleischer, P.C.*, 483 B.R. 495, 517 (D. Del. 2012); *see also Dow Chemical Company v. Organik Kimya Holding A.S.*, 2018 WL 2382802, at *4-6 (Del. Ch. May 25, 2018).

For example, in *Dow Chemical*, the defendant moved to dismiss the plaintiff's DUTSA claim, arguing that DUTSA does not apply extraterritorially and that the plaintiff's exclusive citation to DUTSA was fatal to the trade secret claim. 2018 WL 2382802, at *4-*6. The court denied the defendant's motion. *Id.* In so holding, the court concluded that the relevant question on a motion to dismiss "is not whether the plaintiff has identified the correct legal theory for

30065926.1

obtaining relief on the facts alleged." *Id.* at *5. Rather, the question is whether the complaint alleges sufficient facts to give the defendant notice of the claim. *Id.* Because the defendant did not argue that the complaint failed to allege facts supporting the elements of a trade secret claim, either under DUTSA or any other jurisdiction's law, the court determined that the unanswered choice-of-law question did not require dismissal of the plaintiff's trade secret claim. *Id.* at *5-6.

*Dow Chemical* further explained: "[s]o long as claimant alleges facts in his description of a series of events from which a [claim] may reasonably be inferred and makes a specific claim for relief he hopes to obtain, he need not announce with greater particularity the precise legal theory he is using. 2018 WL 2382802, at *4 (citation omitted). Delaware's approach to this aspect of notice pleading mirrors the Federal Rules. *Id.*; *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) ("[t]he conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts.").

In view of this case law, Judge Hall arrived at the correct result in dismissing Plaintiffs' trade secret claim *without* prejudice. Here, as in *Dow Chemical*, Weiss does not object to Judge Hall's findings that the Amended Complaint alleges sufficient facts to support the elements of a trade secret claim under DUTSA, or any other statutory regime. Weiss only argues that Judge Hall should have dismissed Plaintiffs' trade secrets claim with prejudice because the Amended Complaint only contains a defective DUTSA claim. However, controlling case law teaches that that is not the right result. Because there is no argument that the Amended Complaint fails to allege the elements of a claim for trade secret misappropriation under any state regime, the Court should reject Weiss's objections to Judge Hall's decision on that claim.

## CONCLUSION

The Court should deny Weiss's Objections to Judge Hall's Report and Recommendation.

| | |
|---|---|
| Admitted *Pro Hac Vice*: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Patrick M. Harvey<br>HUSCH BLACKWELL LLP<br>511 North Broadway, Suite 1100<br>Milwaukee, WI 53202<br>Direct:  (414) 223-5000<br>patrick.harvey@huschblackwell.com | */s/ Jennifer M. Kinkus*<br>Mary F. Dugan (No. 4704)<br>Jennifer M. Kinkus (No. 4289)<br>1000 North King Street<br>Wilmington, DE 19801<br>Direct: (302) 571-5028; 571-6722<br>Email: mdugan@ycst.com; jkinkus@ycst.com<br><br>*Attorneys for Elkay Interior Systems International, Inc. and Digney York Associates, LLC* |

Dated: January 24, 2023