IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DIGNEY YORK ASSOCIATES, LLC, :
et al., :
: :
        Plaintiffs, :
: :
    v. : Civil Action No. 22-438-RGA
: :
JAY S. WEISS, :
: :
        Defendant. :

**MEMORANDUM ORDER**

Defendant filed a motion to dismiss (D.I. 15), which I referred to a Magistrate Judge. The Magistrate Judge filed a Report and Recommendation (D.I. 51), recommending that most of the counts be dismissed without prejudice. Defendant filed objections (D.I. 56), to which Plaintiffs have responded (D.I. 61).

Defendant raises two issues. I review the first *de novo*; the second for abuse of discretion.

One is that the breach of contract count is said not to state a claim because it does not plead a basis for damages or injunctive relief. I do not need to decide whether it sufficiently alleges monetary damages, because it certainly alleges irreparable harm. The parties dispute the effect of the contract's covenant describing "irreparable injury" to Plaintiffs from a breach. (D.I. 11, ¶ 38). They both cite *Cabela's LLC v. Highby*, 362 F. Supp. 3d 208 (D.Del. 2019), *aff'd*, 801 F. App'x 48 (3d Cir. 2020). I concluded there that "most federal courts do not consider a contractual stipulation dispositive for purposes of showing irreparable harm." *Id*. at 224. I said that in the context of a preliminary injunction hearing. There is a significant difference between

the effect of such a stipulation in determining the plausibility of a complaint's allegation of harm, where the issue is, should the case to go forward, and its effect in determining the likelihood of irreparable harm where the issue is, should I enjoin the defendant from doing something that the defendant is doing or wants to do. I do not think *Cabela's* supports Defendant's argument that the allegation of irreparable harm is insufficient. Therefore, Defendant's objection that the Magistrate Judge erred in denying the motion to dismiss the breach of contract count will be overruled.

Defendant's other issue is that the Magistrate Judge recommended dismissal of the fifth claim "without prejudice." While sometimes dismissing a claim with prejudice could be an abuse of discretion, I am not sure that I have ever seen a decision reversing a decision to dismiss without prejudice because it should have been with prejudice. Defendant cites no such decision. Defendant's argument that the DUTSA claim cannot be amended to state a claim under Delaware law (and it therefore should be dismissed with prejudice because it would be futile to replead the *Delaware* DUTSA claim) misses the point. There is a reasonable likelihood that Plaintiffs can replead the claim under some legal theory that would state a claim. It is not abuse of discretion to give Plaintiffs the opportunity.

Defendant also "takes this opportunity to object" (D.I. 56 at 6) to what might be fairly characterized as dicta.[1] I do not think I need to join in a discussion about dicta, and by adopting a report and recommendation, I do not necessarily join in every word of a magistrate judge. If and when Plaintiffs amend their complaint to state a DUTSA claim or something similar, the litigation and judicial process can play out based on a concrete scenario.

---

[1] I have certainly authored my share of dicta. Often, as in this case, the judge wants to be helpful by doing so. No judge is bound by dicta, however.

The Objections (D.I. 56) are OVERRULED. The Report and Recommendation (D.I. 51) is ADOPTED. The motion to dismiss (D.I. 15) is GRANTED in part and DENIED in part. The Second, Third, Fourth, and Fifth Claims (styled as "Causes of Action") of the Amended Complaint (D.I. 11) are DISMISSED without prejudice. Plaintiffs are GRANTED leave to amend the complaint within fourteen days. Defendant's time to respond begins to run from the earlier of the filing of the (second) amended complaint or Plaintiffs' notice to Defendant that it is not going to amend the complaint.

IT IS SO ORDERED this 26th day of January 2023.

_/s/ Richard G. Andrews_
United States District Judge